### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EARLE YAFFA AND RONALD J. WEISS, as Executors of the Will of Joseph Flom; JASON FLOM; and ELIZABETH YATES, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| SUNSOUTH BANK, | ) ) |
| Defendant. | ) |

CASE NO.:

3:12-cv-00288-RV-CJK

## ANSWER TO COMPLAINT AND COUNTERCLAIM

SunSouth Bank ("SunSouth"), for its Answer to the Complaint asserts the following:

1. SunSouth admits the allegations contained in paragraph 1.

2. SunSouth admits the allegations contained in paragraph 2.

3. SunSouth admits the allegations contained in paragraph 3.

4.-6. SunSouth admits its corporate status, which is that it is an Alabama corporation with its principal place of business in Alabama. SunSouth admits that it is subject to suit in Florida. SunSouth denies that venue is proper.

7. SunSouth is without sufficient information to admit or deny the allegations contained in paragraph 7.

1

8. SunSouth admits that NashYork purchased the property for development. SunSouth is without sufficient information to admit or deny the relationship with Ronnie Gilley Properties.

9. SunSouth is generally aware of the sale of the property and of Gilley's criminal problems. SunSouth denies any recent discovery. SunSouth is without sufficient information to admit or deny the remaining allegations contained in paragraph 9.

10. SunSouth admits that it made real estate loans to Ronnie Gilley Properties, LLC and that all customers of SunSouth are important. SunSouth denies the remaining allegations contained in paragraph 10.

11. SunSouth admits the allegations contained in paragraph 11.

12. SunSouth denies the allegations contained in paragraph 12.

13. SunSouth admits the guaranties, but denies the remaining allegations contained in paragraph 13.

14. SunSouth denies the allegations contained in paragraph 14.

15. SunSouth admits the collateral assignments, but denies the remaining allegations contained in paragraph 15.

16. SunSouth denies the allegations contained in paragraph 16 and avers that the loan and security documents and releases speak for themselves.

17. SunSouth is without sufficient information to admit or deny the allegations contained in paragraph 17.

18. SunSouth admits the allegations contained in paragraph 18.

19. SunSouth denies the allegations contained in paragraph 19.

## COUNT I

20. SunSouth adopts and incorporates by reference its answers to the allegations in paragraphs 1 through 19 above with the same force and effect as if each and every answer were realleged herein.

21. SunSouth denies the allegations contained in paragraph 21.

22. SunSouth denies the allegations contained in paragraph 22.

23. SunSouth denies the allegations contained in paragraph 23.

24. SunSouth denies the allegations contained in paragraph 24.

25. SunSouth denies the allegations contained in paragraph 25.

26. SunSouth denies the allegations contained in paragraph 26.

## COUNT II

27. SunSouth adopts and incorporates by reference its answers to the allegations in paragraphs 1 through 19 above with the same force and effect as if each and every answer were realleged herein.

28. SunSouth denies the allegations contained in paragraph 28.

29. SunSouth denies the allegations contained in paragraph 29.

30. SunSouth denies the allegations contained in paragraph 30.

31. SunSouth denies the allegations contained in paragraph 31.

32. SunSouth denies the allegations contained in paragraph 32.

33. SunSouth denies the allegations contained in paragraph 33.

## COUNT IV

34. SunSouth adopts and incorporates by reference its answers to the allegations in paragraphs 1 through 19 above with the same force and effect as if each and every answer were realleged herein.

35. SunSouth denies the allegations contained in paragraph 35.

36. SunSouth denies the allegations contained in paragraph 36.

37. SunSouth denies the allegations contained in paragraph 37.

38. SunSouth denies the allegations contained in paragraph 38.

39. SunSouth denies the allegations contained in paragraph 39.

## FIRST AFFIRMATIVE DEFENSE

By renewing the NashYork note and otherwise, Plaintiffs have waived their claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have released their claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped by their misrepresentations from asserting their claims.

## COUNTERCLAIM

SunSouth for its Counterclaim asserts the following:

1. NashYork is indebted to SunSouth pursuant to a renewal promissory note dated January 1, 2011 in the principal amount of $15,970,041.77 (the "Note").

2. The Note matured May 31, 2012. As of June 11, 2012, the total amount due under the Note, exclusive of fees and expenses, was $14,600,083.21 ($14,591,776.67 principal; $8,106.54 interest; $200.00 late fee).

3. By Limited Guaranty dated December 21, 2006, Joseph Flom agreed to pay $5,250,000.00 of the principal debt under the Note, plus interest and fees.

4. By Guaranty dated December 21, 2006, Jason Flom agreed to pay $5,250,000.00 of the principal debt under the Note, plus interest and fees.

5. By Guaranty dated December 21, 2006, Elizabeth Yates agreed to pay $5,250,000.00 of the principal debt under the Note, plus interest and fees.

6. The Plaintiffs have failed to pay the amounts due under their respective guarantees.

WHEREFORE, PREMISES CONSIDERED, SunSouth requests this Court to enter:

    a.    A judgment against the Flom Estate in the amount of $5,250,000.00, plus interest and fees.

    b.    A judgment against Jason Flom in the amount of $5,250,000.00, plus interest and fees.

    c.    A judgment against Elizabeth Yates in the amount of $5,250,000.00, plus interest and fees.

    Respectfully submitted,

/s/ David B. Anderson

David B. Anderson
Deanna L. Weidner
Attorneys for SunSouth Bank

OF COUNSEL:

**ANDERSON WEIDNER, LLC**
Financial Center, Suite 1450
505 North 20th Street
Birmingham, AL 35203
Telephone: 324-1230
dbanderson@andersonweidner.com
dlweidner@andersonweidner.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing has been served by the Court's electronic filing system and/or by United States mail, postage prepaid, on this the 15th of June, 2012, upon the following:

David L. McGee
W. Lee Elebash
Beggs & Lane, RLLP
501 Commendencia Street
Pensacola, Florida 32502


                                      /s/ David B. Anderson
                                      OF COUNSEL