**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

EARLE YAFFA and RONALD J. WEISS,
Executors of the Will of Joseph Flom;
JASON FLOM; ELIZABETH YATES; and
HERBERT L. GRAHAM,

    Plaintiffs,

v.                                                                      Case No. 3:12cv288/MCR/CJK

SUNSOUTH BANK; RONALD E.                      Consolidated for Discovery
GILLEY; and RONALD GILLEY           with Case No. 5:13cv46/RS/EMT
PROPERTIES, LLC,

    Defendants.
                                                 /

**ORDER**

Defendant SunSouth Bank ("SunSouth") removed this case from state court on diversity grounds.[1] See 28 U.S.C. §§ 1332 1446.  The case involves a complicated series of real estate investment transactions, defaults on personal guarantees, and allegations of breach of contract, breach of fiduciary duties, fraud, misrepresentation, a tying scheme, and alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 12 U.S.C. § 1972.[2]  Pending before the Court is SunSouth's Motion for Partial Summary Judgment and Request for Certification as a Final Judgment under Rule 54(b) (doc. 210), seeking judgment on the guarantees and seeking dismissal of all claims of the Plaintiffs. Plaintiffs Earle Yaffa and Ronald J. Weiss, Executors of the Will of Joseph Flom; Jason Flom; and Elizabeth Yates, together with Intervenor Plaintiff Herbert L. Graham (collectively

---

[1]  The Court is satisfied that diversity jurisdiction exists.  SunSouth Bank is an Alabama corporation with its principal place of business in Dothan, Alabama, and the Plaintiffs are citizens of New York, Pennsylvania, and Texas, and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.

[2]  The Second Amended Complaint also includes a claim under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. (Count VIII), which Plaintiffs have withdrawn in their Opposition to Summary Judgment (doc. 233).

Case No. 3:12cv288/MCR/CJK

"Plaintiffs"), oppose the motion. Having fully considered the matter, the Court finds that the motion is due to be granted in part and denied in part.

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, "shows that there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Pursuant to Rule 56, summary judgment is warranted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue of fact is "material" if it might affect the outcome of the case under the governing law, and it is "genuine" if the record taken as a whole could lead a rational fact finder to find for the non-moving party. *Id.* Summary judgment is not appropriate "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party. *See Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Additionally, credibility determinations at this stage are impermissible. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

The Court finds that with two exceptions, this case is wholly inappropriate for summary judgment. Plaintiffs have disputed nearly every assertion of fact with record evidence, the significance of which will depend on credibility calls. On this record, final

judgment cannot be granted on the guarantees because the Plaintiffs have presented questions of fact regarding fraudulent inducement and misrepresentations that could render the guarantees voidable. The fraud and misrepresentation counts are laden with factual disputes, and, although the parties seem to agree that fraud occurred, they dispute who was responsible, and the expert testimony regarding banking practices related to the issues is conflicting. As to SunSouth's assertion that Plaintiffs waived their fraud defense by renewing the guarantees, the Court finds Plaintiffs have demonstrated a dispute of fact about whether they were aware of the alleged fraud before or after the renewal. Also, although a breach of fiduciary duty claim is ordinarily not available in a creditor/debtor banking relationship, there are questions of fact regarding the existence of extenuating circumstances in this case, suggesting there was more to the relationship. *See Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518-19 (Fla. 3d DCA 1994) (noting a fiduciary relationship may arise where "special circumstances" exist, such as where the bank provides extra services).

      The tying claim, however, is due to be dismissed. Plaintiffs argue that there is evidence from which a factfinder could find "attempted tying" because SunSouth's loan officer, Michael McCann, admitted he linked services that he offered to the Plaintiffs. It is undisputed, however, that the undesirable services in fact were never purchased. Plaintiffs argue that SunSouth has misinterpreted the law to mean that the undesirable tied product must have been purchased before the buyer has a claim, relying on former Fifth Circuit cases suggesting that a bank need not literally force the purchase of the undesirable product to be liable. The Eleventh Circuit, however, has plainly stated that "a tying occurs when the purchaser is in fact forced to buy the tied [or undesirable] product to obtain the tying [desired] product;" that is, for a tie to exist, the desirable product must be withheld unless the buyer also selects the undesirable product. *Integon Life Ins. Corp. v. Browning*, 989 F.2d 1143, 1150-51 (11th Cir. 1993). Because the undisputed record shows that Plaintiffs were not in fact forced into purchasing an undesirable product in order to receive the loan or services they desired, the tying claim must fail. Therefore, SunSouth is entitled to dismissal of Count VI with prejudice.

Case No. 3:12cv288/MCR/CJK

The Court also finds that the claim of breach of duty of good faith and fair dealing must be dismissed. Plaintiffs assert that this claim is in essence a breach of contract claim because every contract contains an implied covenant of good faith and fair dealing, "designed to protect the parties' reasonable contractual expectations." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005) (citing *Cox v. CSX Intermodal, Inc.*, 732 So.2d 1092, 1097 (Fla. 1st DCA1999)). However, under Florida law, there is no independent cause of action for breach of the implied duty of good faith. *Id*. Instead, the covenant "attaches to the performance of a specific contractual obligation," and therefore, absent the breach of an express contract term, the action for breach of the implied covenant of good faith cannot be maintained. *Id.*; *see also Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438 (S.D. Fla. 1996). Because Plaintiffs have not alleged the breach of an express contract term or a breach of contract claim, Count VII must be dismissed as a matter of law.

As to all other claims, clearly the better course in this case is to proceed to a full trial. *See Anderson*, 477 U.S. at 255 (stating the district court has the power to deny summary judgment on determining that there is reason to believe the better course is to proceed to trial); *U.S. Certain Real and Personal Property*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing.").

Accordingly:

1. SunSouth Bank's Motion for Partial Summary Judgment and Request for Certification as a Final Judgment under Rule 54(b) (doc. 210) is **GRANTED in** part and **DENIED in part** as follows:

    a. **GRANTED** as to Count VI (Tying) and Count VII (Breach of Obligation of Good Faith and Fair Dealing) of the Second Amended Complaint;

    b. **DENIED** as to all other claims.

2. This case was consolidated with *SunSouth Bank v. NashYork LLC, et al.* (the *NashYork* case), Case No. 5:13cv46-RS-EMT, for purposes of discovery only (doc. 96). Because all discovery deadlines have passed and no dispositive motions are outstanding,

the *NashYork* case is ready to be returned to its original docket for trial unless a motion to consolidate for trial is filed in this consolidated case within fourteen (14) days of this Order. If no timely motion to consolidate for trial is filed, the Clerk is directed to refer the *NashYork* case, Case No. 5:13cv46-RS-EMT, back to Judge Smoak for trial.

**DONE and ORDERED** this 31st day of March, 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE**