UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EARL YAFFA and RONALD J. WEISS,
Executors of the Will of Joseph Flom;
JASON FLOM; ELIZABETH YATES;
and HERBERT L. GRAHAM,

    Plaintiffs,

v.                                             Case No. 3:12cv288/MCR/CJK

SUNSOUTH BANK; RONALD E. GILLEY;
and RONALD GILLEY PROPERTIES, LLC,

    Defendants.
_____/

**ORDER SETTING SETTLEMENT CONFERENCE**

    The district court has referred this case to the undersigned for a settlement conference (doc. 300). The conference will be held on August 6, 2015, at 9:00 a.m. (C.D.T.) in Courtroom 3 North of the United States District Courthouse, 1 North Palafox Street, Pensacola, Florida. All parties and their lead counsel shall attend the conference. An insured party shall send a representative, in person, with full and complete authority to make settlement decisions. An uninsured corporate party shall send a representative, in person, with full and complete authority to bind the company. A governmental entity shall send a representative, in person, authorized to act on its behalf.[1]

---

[1] The attendance requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement. Failure to comply with the attendance provisions of this order may result in an award of costs and attorney fees incurred by the other parties in connection with the conference or the imposition of other appropriate sanctions.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, before arriving at the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court. The court is aware that the parties previously mediated this case unsuccessfully. Nonetheless, at a minimum, specific proposals and counter proposals shall be exchanged prior to the conference, even if such proposals were previously exchanged at mediation. Any settlement shall be immediately communicated to the court by filing a joint notice of settlement, following which the undersigned will cancel the settlement conference.

Additionally, <u>no later then five full business days before the scheduled conference</u>, each party shall provide to the undersigned, via email to miles_davis@flnd.uscourts.gov, with a copy to amy_klotz@flnd.uscourts.gov, a confidential settlement statement of no more then ten pages. The statement shall <u>not</u> be filed with the clerk or served on opposing counsel, as <u>it will not become a part of the record of this case</u>. The statement shall contain:

(1) a brief description of all remaining claims and law and defenses applicable thereto;

(2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) a brief description of the relief that may be afforded to the prevailing party at trial (e.g., the nature and extent of damages, entitlement to attorney fees);

(4) an estimate of attorney fees and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counter proposals (any inconsistencies between the outlines will be settled in open court at the commencement of the conference; thus, the parties may wish to confer with each other prior to submitting their outlines to ensure that the outlines are the same); and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The statement must contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

Although the purpose of the settlement conference is to facilitate settlement of this case, it will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence prior to or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the district judge.

At the conference, the undersigned will address the parties jointly in open court and will direct counsel to give a brief (i.e., approximately five-minute) presentation outlining the factual and legal highlights of the case. Thereafter, separate, confidential caucuses may be held with each party and the party's representative(s). To make the best use of the time allotted, prior to the conference counsel should consider and, if appropriate, discuss with his or her client the following issues or events that may arise during the separate caucuses: (1) the undersigned may address the client personally; (2) the undersigned may ask counsel to assess the weaknesses/strengths of the claims and defenses; (3) the undersigned may ask counsel to discuss whether attorney fees or other expenses are affecting settlement and, if so, whether this has been communicated to the opposing party, and (4) <u>unlike in formal mediation, the undersigned may offer his opinion on the respective strengths and weaknesses of the parties' positions, and may even recommend settlement alternatives</u>.

The conference will end when settlement is reached, or when the undersigned concludes that further negotiation is unlikely to result in settlement. If settlement is reached, the court will, upon request, activate a recording device so that the parties may place the terms of their settlement on the record, and recommend dismissal of this action. Alternatively, the parties will be asked to memorialize the terms of the agreement in writing, and the undersigned will retain the written agreement in chambers.

**SO ORDERED** this 9th day of June, 2015

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

Case No.:3:12cv288/MCR/CJK