UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EARLE YAFFA and RONALD J. WEISS,
Executors of the Will of Joseph Flom;
JASON FLOM, and ELIZABETH YATES,

    Plaintiffs,

v.

CONSOLIDATED
LEAD CASE NO. 3:12cv288/MCR/CJK
CASE NO. 3:15cv266/MCR/EMT

SUNSOUTH BANK; RONALD E. GILLEY;
and RONNIE GILLEY PROPERTIES, LLC.,

    Defendants.

SUNSOUTH BANK,

    CounterClaimant/Cross Claimant,

v.

RONALD E. GILLEY; and RONNIE GILLEY
PROPERTIES, LLC,

    Cross Defendants,

EARLE YAFFA and RONALD J. WEISS,
Executors of the Will of Joseph Flom; and
JASON FLOM; ELIZABETH YATES,

    Counter Defendants.

_____/

SUNSOUTH BANK,

    Plaintiff/Counter Defendant,

v.

NASHYORK, LLC and ELLIOT LEVINE,

    Defendants/Counter Claimants.

    _____/

## ORDER

Pending before the Court is SunSouth Bank's Motion to Strike Jury Demand and Motion to Dismiss NashYork's Counterclaims, ECF No. 406. The Court articulated concerns based on the representations made in the motion and required the parties to respond in time to avoid the expense of calling a jury, if it was not needed. In response, NashYork argues that SunSouth's motion is in effect an untimely motion in limine. Having fully considered all of the responses, the Court agrees. Although the Court was prepared to rule that NashYork would not be permitted to present damages calculations that were not previously disclosed, the Court finds that SunSouth again has raised another issue in an untimely fashion on the eve of trial, in violation of the Court's Order Setting Trial.[1] SunSouth failed to file a timely motion

---

[1] The Court's Order required motions in limine to be filed fourteen days in advance of the pretrial conference, and this deadline was never extended. The Court provided two extensions for purposes of filing the pretrial stipulation but stated expressly that the motions in limine deadline was not extended, *see* Order, ECF No. 363. Moreover, even though NashYork only recently elected to

in limine on the matter pursuant to the Court's Order, and therefore, the Court deems the issue waived.  Because NashYork is proceeding on a legal claim, the case will be tried before a jury, as agreed by the parties.

Accordingly, SunSouth Bank's Motion to Strike Jury Demand and Motion to Dismiss NashYork's Counterclaims, ECF No. 406, is **DENIED**.

**DONE and ORDERED** on this 21st day of February, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

proceed on a damages claim, SunSouth was on notice of this claim from the outset and could have brought a motion to compel on this issue long before the motions in limine deadline passed.